UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2006 NOV 13  A 10: 03

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

JAMES ZHANG, PRO SE
307 Misty Knoll Drive
Rockville, MD 20850
Telephone (301) 517-5760

Plaintiff

      VS.

Friedman & MacFadyen, P.A.
Alvin E. Friedman
James J. Loftus
Kenneth J. MacFadyen
Daniel B. Menchel
210 East Redwood Street, Suite 400
Baltimore, MD 21202-3399
Telephone (410) 685-1763

Defendants

Judge

Case Number:

JURY DEMANDED

---

## COMPLAINT
### (Violation of Fair Debt Collection Practices Act)

**NOW COMES,** James Zhang, Plaintiff in the above-captioned case, hereby submits this

Complaint against Friedman & MacFadyen, P.A., Alvin E. Friedman, James J. Loftus,

Kenneth J. MacFadyen, and Daniel B. Menchel (the "Defendants"). In support thereof,

Plaintiff states as follows:

1

I.  JURISDICTION

1.  This Honorable Court has jurisdiction over this civil matter pursuant to 28 U.S.C. §1331 and §1367(a) (2006).

II.  PARTIES

2.  Plaintiff, James Zhang, is a resident residing at 307 Misty Knoll Drive in Rockville, Maryland.

3.  Upon information and belief, Defendant Friedman & MacFadyen, P.A., is a debt collector located in Baltimore, Maryland.

4.  Upon information and belief, Defendants Alvin E. Friedman, James J. Loftus, Kenneth J. MacFadyen, and Daniel B. Menchel are attorneys of Friedman & MacFadyen, P.A. who are appointed as the substitute trustees to conduct foreclosure sale of Plaintiff's residence.

III. FACT

5.  On or about October 3, 2006, Defendants sent Plaintiff a notice notifying Plaintiff that Defendants have initiated a foreclosure proceeding against Plaintiff (the "Foreclosure Proceeding Notice") in the Circuit Court for Montgomery County. See, Ex. 1.

6.  On October 4, 2006, Defendants initiated a foreclosure proceeding against Plaintiff in the Circuit Court for Montgomery County, Maryland.

7.  On or about October 5, 2006, Defendants sent Plaintiff a notice notifying Plaintiff the amount of debt Plaintiff owed to Bank One, Wisconsin while reciting a

2

portion of the Fair Debt Collection Practices Act (the "Act") concerning Plaintiff's right to dispute the validity of the debt (the "Validation Notice"). See, Ex. 2.

8. On October 9, 2006, Plaintiff received the Validation Notice.

9. On or about October 25, 2006, Defendants sent Plaintiff a notice notifying Plaintiff that a foreclosure sale of Plaintiff's current residence located at 307 Misty Knoll Drive in Rockville, Maryland will occur on November 14, 2006 at 11:08 a.m. outside of the Circuit Court for Montgomery County. (the "Foreclosure Sale Notice"). See, Ex. 3.

10. On November 7, 2006, Plaintiff sent a notice to Defendants disputing the total amount of debt (the "Dispute Notice"). See, Ex. 4.

11. On November 8, 2006, Defendants received the Dispute Notice. See, Ex. 5.

12. As of November 13, 2006, Plaintiff has not received any written response to Plaintiff's Dispute Notice from Defendants.

13. On November 13, 2006, Plaintiff notified Defendants by telephone that Plaintiff is seeking a temporary restraining order against Defendants in the United States District Court for the District of Maryland in Greenbelt, Maryland on that same day for violating the Fair Debt Collection Practices Act.

14. On November 14, 2006 at 11:08 a.m., Defendants are scheduled to conduct a foreclosure sale of the property in which Plaintiff currently resides located at 307 Misty Knoll Drive in Rockville, Maryland.

COUNT 1
(Violation of 15 U.S.C. §1692g(b))

15. Plaintiff hereby incorporates Paragraphs 1-10 herein by reference.

16. 15 U.S.C. §1692g(b) provides,

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. 15 U.S.C. §1692g(b) (2006).

17. The United States Congress enacted the Fair Debt Collection Practices Act (the "Act") to combat "abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. 1692(a) (2006), with the express purpose "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e) (2006), and "to promote consistent State action to protect consumers against debt collection abuses." Id. "Because the [Act]... is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

18. Under 15 U.S.C. §1692g(b) if the consumer disputes the debt or a portion thereof in writing within 30 days of receiving the notice of indebtedness, the Act requires that the debt collector cease to collect the debt until the debt collector obtains a verification of the debt or a copy of judgment and has sent out such information to the consumer. "Section 1692g(b) thus confers on consumers the ultimate power

4

vis-a-vis debt collectors: the power to demand the cessation of all collection activities." Brady v. Credit Recovery Co., Inc., 160 F.3d 64, 67 (1st Cir. 1998). "[A debt collector] must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor." Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir.1997). See, Rabideau v. Management Adjustment Bureau, 805 F.Supp. 1086, 1094 (W.D.N.Y. 1992).

19. The case law of this Honorable Court that serves as the controlling precedent is patently clear as to the meaning of 15 U.S.C. §1692g(b). This Honorable Court has interpreted 15 U.S.C. §1692g(b) unequivocally by stating, "the FDCPA's time sequence is quite clear: (1) the consumer disputes the debt; (2) the debt collector ceases collection; and (3) must continue to cease collection until the debt collector verifies the debt and mails a copy of the verification to the consumer." Spencer v. Hendersen-Webb, Inc., 81 F.Supp.2d 582, 593 (D.Md. 1999).

20. In the Case at bar, Plaintiff received the Validation Notice on October 9, 2006. Within 30 days of receiving the Validation Notice, on November 7, 2006 Plaintiff sent Defendants the Dispute Notice, see, Ex. 4, which Defendants received on November 8, 2006. See, Ex. 5. Defendants are required to immediately cease to collect debt from Plaintiff until they verify the debt and mail a copy of the verification to Plaintiff.

21. As of the date of Plaintiff's filing this Complaint on November 13, 2006, Plaintiff has received no written response to his Dispute Notice from Defendants. At the same time Defendants continue their collection efforts by proceeding to the

foreclosure sale of Plaintiff's residence located at 307 Misty Knoll Drive in

Rockville, Maryland on November 14, 2006 at 11:08 a.m.

22. Defendants' action clearly violates 15 U.S.C. §1692g(b).

23. Therefore, this Honorable Court should issue a temporary restraining order which

orders that Defendants shall cease all collection efforts against Plaintiff and shall

not conduct the foreclosure sale of Plaintiff's residence on November 14, 2006.

**COUNT II**
**(Violation of 15 U.S.C. §1692g(a))**

24. Plaintiff hereby incorporates Paragraphs 1-23 herein by reference.

25. 15 U.S.C. §1692g(a) provides,

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

> (1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the

name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g(a) (2006).

26. In enacting the Act, the United States Congress pointed out that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §1692(c) (2006). "As a consequence of its concern, [Congress has] armed consumers with a shield against the overly zealous debt collector." See, Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d.Cir. 1996).

27. When determining whether 15 U.S.C. §1692g(a) has been violated, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector, is applied. See, Clomon v. Jackson, 988 F.2d 1314, 1318 (2d.Cir. 1993). "The Act is aimed at protecting consumers in general from abusive debt collection practices[,] and the test is how the least sophisticated consumer--one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer-- understands the notice he or she receives." Russell, 74 F.3d at 34. The "least sophisticated consumer" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d.Cir. 2000). Rather, the standard is to ensure that the Act protects all consumers, the gullible as well as the shrewd. Id.

28. Defendants' notices to Plaintiff contain a contradictory message. Defendants' Foreclosure Proceeding Notice on October 3, 2006 notified Plaintiff that "a foreclosure sale of the property will be held" (emphasis added) see, Ex. 1, ¶1; whereas Defendant's Validation Notice on October 5, 2006 notified Plaintiff that

he could dispute the validity of the debt within 30 days of receiving the Validation Notice. See, Ex. 2, ¶2. Then before the 30-day statutory period expires, Defendants' Foreclosure Sale Notice on October 25, 2006 notified Plaintiff that "a foreclosure sale… will occur on Tuesday, November 14, 2006." (Emphasis added). See, Ex. 3, ¶1.

29. When viewed by the least sophisticated consumer, the Foreclosure Proceeding Notice clearly overshadows and contradicts the Validation Notice. The language that "a foreclosure sale of the property will be held" (emphasis added) would clearly indicate to the least sophisticated consumer that the debt is valid, and that the foreclosure sale "will" occur regardless of whether or not he would dispute the validity of the debt. Whereas upon reading the Validation Notice, the least sophisticated consumer would wonder what disputing the validity of the debt would serve if the foreclosure sale "will" occur anyway. The receipt of the notice of the consumer's statutory right to dispute the validity of debt and the notice of the certainty of a foreclosure sale of his property at virtually same time would make the least sophisticated consumer feel uncertain as to his right. See, Bartlett v. Heibl, 128 F.3d 497, 500-01 (7th Cir.1997).

30. Furthermore, the Foreclosure Sale Notice received by the least sophisticated consumer within 30 days of receiving the Validation Notice further overshadows and contradicts the Validation Notice by indicating that a foreclosure sale of the consumer's property "will occur on November 14, 2006," (emphasis added), see, Ex. 3, ¶1, regardless of whether or not he would exercise his statutory right under 15 U.S.C. §1692g and therefore further discourages the consumer to exercise his

8

statutory right, whereas such an indication in the Foreclosure Sale Notice is totally false because if the consumer disputes the validity of the debt within 30 days, 15 U.S.C. §1692g(b) requires that Defendants shall cease to collect the debt immediately.

31. The Act is designed to protect consumers from precisely this sort of contradictory message. When a notice contains language that "overshadows or contradicts" other language informing a consumer of his rights, it violates the 15 U.S.C. §1692g(a) requirement. See, Graziano v. Harrison, 950 F.2d 107, 111 (3d.Cir. 1991).

32. "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." Russell, 74 F.3d at 35. In this Circuit, the United States Court of Appeals for the Fourth Circuit recognized that there are many cunning ways to circumvent 15 U.S.C. §1692g under the cover of technical compliance and stated that purported compliance with the form of the Act should not be given sanction at the expense of the substance of the Act. See, Miller v. Payco-General Am. Credits, Inc., 943 F.2d 482, 485 (4th Cir.1991).

33. Since the language in the both Foreclosure Proceeding Notice and the Foreclosure Sale Notice overshadows and contradicts the language in the Validation Notice, the Validation Notice violated 15 U.S.C.§1692g(a) as a matter of law.

34. Therefore, Defendants are liable to Plaintiff for violating 15 U.S.C. §1692g(a).

## COUNT IIi
### (Violation of 15 U.S.C. §1692e(10))

35. Plaintiff hereby incorporates Paragraphs 1-34 herein by reference.

36. 15 U.S.C. §1692e(10) provides,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing. the following conduct is a violation of this section:
>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692(e)(10) (2006).

37. A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. See, Clomon, 988 F.2d at 1319.

38. In the Case at bar, as Paragraphs 28 above has demonstrated, the message communicated in Defendants' Validation Notice is open to an inaccurate yet reasonable interpretation by the least sophisticated consumer in light of Defendants' Foreclosure Proceeding Notice, and the Validation Notice is therefore deceptive as a matter of law.

39. Therefore, Defendants are liable to Plaintiff for violating 15 U.S.C. §1692e(10).

## COUNT IV
### (Violation of 15 U.S.C. §1692e(5))

40. Plaintiff hereby incorporates Paragraphs 1-39 herein by reference.

41. 15 U.S.C. §1692e(5) provides,

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt. Without
> limiting the general application of the foregoing, the following conduct is a
> violation of this section:
>
>> (5) The threat to take any action that cannot legally be taken or that is
>> not intended to be taken. 15 U.S.C. §1692e(5) (2006).

42. Defendants sent Plaintiff the Foreclosure Proceeding Notice notifying Plaintiff
that "a foreclosure sale of the property will be held." See, Ex. 1, ¶1. Defendants
also sent Plaintiff the Foreclosure Sale Notice notifying Plaintiff that "a
foreclosure sale […] will occur on Tuesday, November 14, 2006." See, Ex. 3, ¶1.

43. However, the threatened foreclosure sale cannot be legally taken pursuant to the
Annotated Code of Maryland.

44. §9-607(b) of the Annotated Code of Maryland provides,

> (b) If necessary to enable a secured party to exercise under subsection (a)(3)
> the right of a debtor to enforce a mortgage nonjudicially, the secured party
> may record in the office in which a record of the mortgage is recorded:
>
>> (1) A copy of the security agreement that creates or provides for a
>> security interest in the obligation secured by the mortgage; and
>>
>> (2) The secured party's sworn affidavit in recordable form stating that:
>>
>>> (A) A default has occurred; and
>>>
>>> (B) The secured party is entitled to enforce the mortgage
>>> nonjudicially. Md. Code Ann. §9-607(b) (2006).

45. The court docket for Civil Case number 275500 filed in the Circuit Court for
Montgomery Court (the "Docket") in which Plaintiff is the defendant contains a
Lost Note Affidavit, which states, inter alia, that "the original Deed of Trust Note
has been lost and no copy is available at this moment." See, Ex. 6.

11

46. Neither does the Docket contain a sworn affidavit stating that Defendants are entitled to enforce a mortgage non-judicially.

47. Since Defendants do not have a copy of the Deed of Trust Note, they do not have the debt instrument that provides for the security interest in Plaintiff's property.

48. Since the requirement of §9-607(b)(1) and the requirement of §9-607(b)(2)(B) of the Annotated Code of Maryland are not met, Defendants do not have the legal right to foreclose on Plaintiff's property.

49. Therefore, Defendants' Foreclosure Proceeding Notice and Foreclosure Sale Notice have threatened to take a legal action against Plaintiff which cannot be legally taken.

50. Therefore, Defendants are liable to Plaintiff for violating 15 U.S.C. §1692e(5).

## COUNT V
### (Violation of 15 U.S.C. §1692f(6))

51. Plaintiff hereby incorporates Paragraphs 1-50 herein by reference.

52. 15 U.S.C. §1692f(6) provides,

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or

12

(C) the property is exempt by law from such dispossession or disablement. 15 U.S.C. §1692f(6) (2006).

53. As stated in Paragraphs 45 and 47, Defendants have no present right to possession of Plaintiff's property through an enforceable security interest.

54. Neither has Plaintiff granted Defendants any power to conduct a non-judicial foreclosure of Plaintiff's property through any security instrument.

55. Therefore, Defendants are liable to Plaintiff for violating 15 U.S.C. §1692f(6).

## COUNT VI
### (Violation of Md. Code Ann. §14-202(8))

56. Plaintiff hereby incorporates Paragraphs 1-55 herein by reference.

57. §14-202(8) of the Annotated Code of Maryland provides that "[i]n collecting or attempting to collect an alleged debt a collector may not: [...] (8) [c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann. §9-202(8) (2006).

58. As stated in Paragraphs 45 through 48, Defendants do not have the legal right to foreclose on Plaintiff's property.

59. Moreover, when Defendants filed the Lost Note Affidavit in the Docket, Defendants clearly have the knowledge that they do not have such a legal right to foreclose on Plaintiff's property, but Defendants are still attempting to collect debt from Plaintiff by proceeding to conduct a foreclosure sale on November 14, 2006.

13

60. Therefore, Defendants are liable to Plaintiff for violating §14-202(8) of the Annotated Code of Maryland.

## COUNT VII
### (Damages Pursuant to 15 U.S.C. §1692k(a))

61. Plaintiff hereby incorporates Paragraphs 1-60 herein by reference.

62. 15 U.S.C. §1692k(a) provides,

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of --

> (1) any actual damage sustained by such person as a result of such failure;

> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs. 15 U.S.C. §1692k(a) (2006).

63. "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell, 74 F.3d at 33.

14

64. As stated in Paragraphs 15 through 55, Defendants have violated 15 U.S.C. §1692g(a), §1692g(b), §1692e(5), §1692e(10), §1692f(6).

65. Therefore, Defendants are liable to Plaintiff for $1,000 damages plus attorney's fees and costs for bringing this Complaint to this Honorable Court.

**COUNT VIII**
**(Damages pursuant to Md. Code Ann. §14-203)**

66. Plaintiff hereby incorporates Paragraphs 1-65 herein by reference.

67. §14-203 of the Annotated Code of Maryland provides,

> A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. Md. Code Ann. §14-203 (2006).

68. As stated in Paragraphs 56-60, Defendants have violated Title 14, Subtitle 2, Section 202 of the Annotated Code of Maryland. Therefore, Defendants are liable to Plaintiff for damages for emotional distress and mental anguish suffered by Plaintiff.

15

**WHEREFORE,** Plaintiff hereby prays that this Honorable Court

1. Enter a temporary restraining order which orders that Defendants shall cease all collection efforts against Plaintiff and shall not conduct the foreclosure sale of Plaintiff's residence located at 307 Misty Knoll Drive in Rockville, Maryland on November 14, 2006;

2. Find that Defendants have violated 15 U.S.C. §1692g(a), §1692g(b), §1692e(5), §1692e(10), §1692f(6), and Md. Code Ann. §14-202(8);

3. Order that Defendants pay damages to Plaintiff pursuant to 15 U.S.C. §1692k(a) and Md. Code Ann. §14-203 as well as pay Plaintiff attorney's fees and the costs for bringing this Complaint to this Honorable Court; and

4. Enter such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ _____

James Zhang, <u>Pro se</u>
307 Misty Knoll Drive
Rockville, MD 20850
Tel. (301) 517-5760

16